WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Carroll DeMocker, | No. CV-22-08203-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 ("Petition"). The Magistrate Judge to whom this case was assigned has issued a Report and Recommendation ("R&R") recommending that relief on the Petition be denied.  (Doc. 23).

## I.    Review of R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the

[Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

Petitioner has filed objections to the R&R. (Doc. 26). Respondents, in their reply to the objections, take issue with whether some of the objections trigger the aforementioned de novo review. (Doc. 30 at 1-2). Specifically, Respondents argue that with respect to six of the claims in the Petition, Petitioner's objections are too general to qualify for de novo review. (*Id.*)

The Court agrees with Respondents that "general" objections are not sufficient to trigger de novo review of an R&R. *Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) ("the Court has no obligation to review Petitioner's general objections to the R&R") (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)); *Howard v. Secretary of HHS*, 932 F.2d 505, 509 (6th Cir. 1991) (same); *Martin v. Ryan*, CV-13-00381-PHX-ROS, 2014 WL 5432133, *2 (D. Ariz. October 24, 2014) ("…when a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it.") (collecting cases); *see Kenniston v. McDonald*, No. 15-CV-2724-AJB-BGS, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019) ("'When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the [R&R] to a de novo review.' Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection. *See Mario v. P & C Food Markets*, *Inc.*, 313 F.3d 758, 766 (2d Cir. 2002).").

In this case, Petitioner did not merely say "I object" with nothing more. Thus, his objections are not general in that sense. However, many of his objections, as will be discussed in more detail below, do not engage with the R&R's analysis at all. Instead, he incorporates his arguments from his Petition as if the R&R never issued. The Court agrees

with Respondents that an objection that ignores the R&R cannot trigger a de novo review of the R&R.  *See Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004) ("The objections … are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge.") (citing Fed. R. Civ. P. 72(b)).

The Court recognizes that, generally, Petitioner must object to the R&R to preserve his full right of appeal to the Court of Appeals.  *See Cornish v. Brazleton,* No. ED CV 13-CV-01302, 2014 WL 1457768, at *2, n. 5 (C.D. Cal. Apr. 15, 2014); *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015).  Perhaps these kinds of non-specific objections are sufficient for this appellate purpose.  However, for purposes of triggering de novo review with this Court, this Court will consider de novo only "specific" objections to the findings and recommendations of the R&R.  *See Kenniston*, 2019 WL 2579965, at *7.

## II.    Review under AEDPA

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), applies to this case.  Specifically, the Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction.  With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[1] or was based on an unreasonable determination of the facts.  *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).  Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1).

> To determine whether a state court ruling was "contrary to" or involved an "unreasonable application" of federal law, courts look exclusively to the holdings of the Supreme Court that existed at the time of the state court's decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). A state court's decision is "contrary to" federal law if it applies a rule of law "that contradicts the governing law set forth in [Supreme Court] cases or if it

[1]  Further, in applying "Federal law" the state courts only need to act in accordance with Supreme Court case law.  *See Carey v. Musladin,* 549 U.S. 70, 74 (2006).

confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 14 (2003) (citations omitted). A state court decision is an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies that rule to the facts of a particular case. *Brown v. Payton*, 544 U.S. 133, 141 (2005). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree on the correctness of the state court's decision.'" *Richter*, 562 U.S. at 101, (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

*Amaral v. Ryan*, No. CV16-00594-PHX-JAT-BSB, 2018 WL 6931889, at *5 (D. Ariz. June 26, 2018) (*Report and Recommendation accepted* 2018 WL 6695951, at *1 (D. Ariz. Dec. 20, 2018)); *see also White v. Woodall*, 572 U.S. 415, 419 (2014) (an unreasonable application of law must be "objectively unreasonable, not merely wrong; even clear error will not suffice" (internal quotation marks and citation omitted)).

If Petitioner failed to exhaust a claim in state court, that claim "… may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Alternatively, Petitioner can overcome his failure to exhaust if he can show cause and prejudice or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### III.    Background

The R&R discusses the factual and procedural background of this case at pages 1-2. (Doc. 23). Neither party objected to this recounting and the Court hereby accepts it. In short summary, a jury found Petitioner guilty of: "(i) one count of first-degree murder; (ii) one count of burglary in the first degree; (iii) two counts of fraudulent schemes and artifices; (iv) one count of conspiracy to commit a fraudulent scheme; (v) one count of tampering with physical evidence; and (vi) one count of contributing to the delinquency of a minor." (*Id.* at 1). Petitioner was sentenced to "a combination of concurrent and consecutive terms of imprisonment, the longest of which was a term of natural life without the possibility of parole." (*Id.* at 2).

### IV.    Discussion

Petitioner begins by challenging the constitutionality of AEDPA. The R&R

discusses many cases, including from the United State Supreme Court and the Ninth Circuit Court of Appeals that foreclose such a challenge. (Doc. 23 at 4-5). The totality of Petitioner's objection to this conclusion of the R&R is, "However, [Petitioner] submits that the unequal treatment, both within a District as well as across jurisdictions, creates presents [*sic*] a serious constitutional violation for the reasons noted in his Petitoin [*sic*] and Reply." (Doc. 26 at 9). The Court finds Petitioner's failure to engage with the analysis of the R&R, and instead merely incorporating his prior arguments, is insufficient to trigger de novo review by this Court. *See Betancourt*, 313 F. Supp. 2d at 34. Accordingly, the Court accepts the R&R on this issue and finds the AEDPA to be constitutional.

Petitioner brings the following claims in his Petition: 1) an alleged double jeopardy violation (Doc. 23 at 5); 2) an alleged unconstitutional preclusion of an expert witness (*id.* at 12); 3) an alleged due process violation due to the trial court's failure to sever counts (*id.* at 18); 4) an alleged insufficiency of the evidence as to two convictions (*id.* at 21); 5) alleged ineffective assistance of counsel (*id.* at 29 (discussing six distinct theories of ineffective assistance of counsel)); 6) alleged "interference" with trial counsel by the state (*id.* at 62); 7) another alleged theory of ineffective assistance of counsel (found by the R&R to not have been exhausted in state court) (*id.* at 69); and, 8) alleged juror misconduct (found by the R&R to not have been exhausted in state court) (*id.* at 76).

### A.    Ground 1

In Ground 1 Petitioner argues that he "was denied his right to due process and his right against double jeopardy when the state created a conflict of interest between him and his retained counsel, caused a mistrial, and prosecuted him a second time for the same charges of murder and burglary." (Doc. 23 at 5). The R&R discussed this claim at pages 5-12 and concludes that the state court decision denying relief on this claim was not contrary to or an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts. (*Id.* at 12).

In short summary of the factual background, which the R&R discusses at length, Petitioner's retained counsel in his first trial had to withdraw mid-trial due to a conflict,

and thereafter Petitioner's second counsel moved for a mistrial and a continuance. (Doc. 23 at 5-12). Petitioner now argues that the second trial violated the double jeopardy clause because the prosecution caused the conflict (intentionally) that caused his first counsel to withdraw thereby causing the mistrial.

As the R&R notes, Petitioner is arguing that the state courts' finding on this claim was an unreasonable determination of the facts; Petitioner is not arguing that the state courts acted contrary to or engaged in an unreasonable application of federal law. In his objections, Petitioner continues to argue that this Court should weigh the facts and reach a different conclusion than the state courts regarding the prosecutors' motivation in taking certain actions during Petitioner's first trial. To this end, Petitioner concludes that in his first trial the prosecution intentionally caused a mistrial because their case was weak. (Doc. 26 at 10).

As the R&R notes, the state courts' factual findings are entitled to substantial deference. (Doc. 23 at 11-12). On this record, the Court finds substantial evidence to support the state courts' factual findings. As a result, the Court agrees with the R&R that the state courts' express findings that the prosecution did not intend to cause a mistrial were not unreasonable. Accordingly, the R&R is accepted, the objections are overruled and relief on this claim is denied.

## B.    Ground 2

In Ground 2, Petitioner argues that the state courts unconstitutionally precluded an expert witness. The R&R discusses this issue at pages 12-18. The R&R concludes that the state courts' decision was not contrary to nor an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts. (Doc. 23 at 17). In their response to the objections, Respondents argue that Petitioner's objection is so vague and non-specific that it fails to trigger a de novo review of this ground for relief. (Doc. 30 at 3).

In his objections, the totality of Petitioner's argument is:

> The R&R posits that because Arizona courts concluded that the jury was correctly instructed on the legal standard for a criminal charge, exclusion

- 6 -

of expert testimony concerning that testimony [*sic*] did not violate his right to due process of law, as the admission of that testimony was a legal question. Doc. 23 at 17. However, contrary to the R&R, the state court's finding was quintessentially unreasonable, [*sic*] an application of the wrong law, because the testimony was excluded as presenting purely a legal question when, in fact, the state courts themselves recognized the question was actually a mixed question of fact and law. Doc. 22 at 11. The R&R's suggestion that Mr. DeMocker's argument is mere disagreement with the State court's finding [*sic*] because it overlooks the core argument at issue: correctly providing a jury instruction does little to resolve a factual issue when evidence underling [*sic*] that issue is erroneously excluded. *Id.*

(Doc. 26 at 10-11). Petitioner's only citation to support his objection is to his own Reply in support of his Petition.

The Court agrees with Respondents that Petitioner's objection fails to engage with the R&R's seven pages of factual and legal analysis regarding why the state courts' determination of this issue was not unreasonable. Petitioner merely restates as a conclusion his original ground for relief, which is not a specific objection. *See Kenniston*, 2019 WL 2579965, at *7. Accordingly, the Court having reviewed the R&R, and agreeing with it, accepts it. Relief on Ground 2 is denied.

### C.    Ground 3

In Ground 3, Petitioner argues constitutional error due to the trial court's failure to sever the counts against him. The R&R discusses this Ground at pages 18-20. Petitioner objects and argues that *United States v. Lane*, 474 U.S. 438 (1986) provides clearly established law on this issue of severance. (Doc. 26).

The R&R states,

In *Lane*, 474 U.S. at 446 n.8, the Supreme Court stated in a footnote that misjoinder of counts may rise to the level of a constitutional violation "if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial[.]" However, the Ninth Circuit has explained that this statement "is dicta and does not establish a constitutional standard binding on the states." *Walden v. Shinn*, 990 F.3d 1183, 1196 (9th Cir. 2021) (cleaned up).

(Doc. 23).

In his objections, Petitioner fails to acknowledge this controlling Ninth Circuit precedent that rejects his argument. Petitioner's objection is meritless. Relief on ground 3 is denied because, when there is no clearly established federal law, the state court's

decision cannot be contrary to or an unreasonable application of clearly established federal law. *See Brewer v. Hall,* 378 F.3d 952, 955 (9th Cir. 2004).

### D. Ground 4

In Ground 4, Petitioner argues there was insufficient evidence to convict him. The R&R discusses the law governing this claim at pages 21-22 (discussing *Jackson v. Virginia*, 443 U.S. 307 (1979)) and the evidence presented at trial against Petitioner at pages 23-28. The R&R concludes that the state court's application of *Jackson* was not contrary to or an unreasonable application of clearly established federal law. (Doc. 23 at 29).

Petitioner does not object to the R&R's discussion of Ground 4. The Court hereby accepts the R&R as to Ground 4 and denies relief on this Ground.

### E. Ground 5

Ground 5 contains Petitioner's exhausted theories of ineffective assistance of counsel. The R&R recounts the law governing ineffective assistance of counsel claims under *Strickland v. Washington*, 466 U.S. 668 (1984) at pages 29-30. Neither party objected to this discussion of the law and the Court hereby accepts and adopts it. In short summary, *Strickland* requires Petitioner to show that his counsel's performance was objectively deficient and that Petitioner was prejudiced. (Doc. 23 at 29).

#### i. 5(a)

In Ground 5(a) Petitioner argues his counsel was deficient for failing to try to get a piece of evidence excluded, and failing to make a particular argument. (Doc. 23 at 30). The R&R finds that the state courts' denial of relief on the factual predicate of Ground 5(a) was not contrary to or an unreasonable application of *Strickland* nor was it an unreasonable determination of the facts. (Doc. 23 at 35).

Petitioner does not object to the R&R's discussion of Ground 5(a). The Court hereby accepts the R&R as to Ground 5(a) and denies relief on this Ground.

#### ii. 5(b)

Petitioner argues in Ground 5(b) that his counsel was ineffective for failing to move to exclude all testimony from the medical examiner. (Doc. 23 at 35). The R&R concludes

that the state court's denial of relief on the factual predicate of Ground 5(b) was not contrary to or an unreasonable application of *Strickland* nor was it an unreasonable determination of the facts. More specifically, the R&R concludes that to the extent the state court decided this issue as a matter of state law (specifically the state rules of evidence), habeas relief is not available. (Doc. 23 at 38-39).

In their response to the objections, Respondents argue that Petitioner's objection on Ground 5(b) is too conclusory to trigger de novo review. (Doc. 30 at 3). Respondents are correct that Petitioner does not object to anything specific from the R&R and fails to engage with the R&R in any way. The only objection Petitioner makes in his objections is as follows:

> … the post-conviction court concluded that a *Daubert* motion would not have been granted with regard to [the medical examiner's] testimony. But the court got the state standard wrong, applying the recently disavowed *Frye* standard instead of the standard from trial, *Daubert*. Doc. 1 at 47–48; Doc. 22 at 21–22. … the R&R erroneously concludes an objection to [the medical examiner's] opinions would have been futile (under *Frye*)….

(Doc. 26 at 12).

Petitioner's citation for his argument is his own Petition. (Doc. 1). But the Petition never mentions *Frye* or the standard applied by the state courts. (*see* Doc. 1). Petitioner also says the R&R makes a conclusion under *Frye*, but the R&R also never mentions *Frye*. (Doc. 23 at 1-82). Petitioner's objection is so unsupported as to be frivolous. Thus, it is overruled.[2] The Court hereby accepts the R&R as to Ground 5(b) and denies relief on this Ground.

### iii.    5(c)

Petitioner argues in Ground 5(c) that his counsel was ineffective for failing to move to preclude the state's financial expert. (Doc. 23 at 40). The R&R discusses this claim at pages 40-42 and concludes that the state courts' rejection of Petitioner's ineffective assistance of counsel claim in Ground 5(c) was not contrary to or an unreasonable

---

[2] Moreover, regardless of the evidentiary standard, the state court determined that trial counsel made a reasonable strategic decision under *Strickland* in not moving to preclude the medical examiner. (Doc. 23 at 37-38). Petitioner presents no challenge to this reasonable conclusion by the state court.

application of *Strickland* nor was it based on an unreasonable determination of the facts (Doc. 23 at 42).

As to this Ground, Respondents again argue that Petitioner's objection is too conclusory to trigger de novo review.  (Doc. 30 at 4).  Petitioner's objection is difficult to understand.  Petitioner's entire objection on this Ground is,

> "As with Ground 5(b), the R&R proposes denial of this Ground on the basis that *Daubert* and the application of state law cannot provide the basis for federal habeas relief. Doc. 23 at 42. But it was the unreasonable application of the facts—using *Frye* instead of *Daubert* to conclude that a motion to exclude would have been futile—that permits and demands habeas relief on this ground. Doc. 22 at 25. The state court applied an erroneous standard to reach an unreasonable factual determination.  The R&R fails to account for as much and should be rejected."

 (Doc. 26 at 12-13).

First, Respondents are correct that Petitioner effectively incorporates by reference his Reply in support of his Petition, because no colorable objection could be understood from the above language.  But as already stated many times herein, Petitioner cannot simply cut and paste or incorporate by reference his Petition or Reply; instead his objections to the R&R must be specific to the analysis of the R&R.

Second, boiled down, Petitioner's objection is that the state court applied the wrong law to make an unreasonable factual determination.  The Court does not understand this objection and overrules it.  The AEDPA standard contemplates factual errors or legal errors; but the Court does not understand the premise of Petitioner's argument that an alleged legal error resulted in a factual error.

Third, the R&R directly addresses the law applied by the state courts, and recounts that:

> "*Daubert* is an exegesis of Rule 702 of the Federal Rules of Evidence and governs the admission of expert evidence in federal trials only. **_Daubert_ does not bind the states**, which are free to formulate their own rules of evidence subject only to the limits imposed by the Constitution." *Kinder v. Bowersox*, 272 F.3d 532, 545 n.9 (8th Cir. 2001); *see also Haywood v. Rackley*, No. 2:14-CV-02178-JKS, 2016 WL 3448190, at *3 n.2 (E.D. Cal. June 23, 2016) (declining to consider "whether the evidence passed muster under *Daubert*" in a habeas action); *Ruiz v. Lewis*, No. SA CV 13-00347-ODW (AFM), 2017 WL 2273194, at *9 (C.D. Cal. May 1, 2017) (explaining that petitioner's claim that trial court failed to properly perform its gatekeeping function under *Daubert* is not cognizable on federal habeas

review); *Miftari v. Houser*, No. 3:19-CV-00091-JKS, 2019 WL 4856001, at *7 (D. Alaska Oct. 1, 2019) (explaining that *Daubert* "provides no basis for federal habeas relief" because it "states a non-constitutional evidentiary rule that applies in the federal trial courts and is not binding on state courts") (citing *Dowling v. United States*, 493 U.S. 342, 352-53 (1990) (noting that Federal Rules of Evidence constitute "nonconstitutional source[ ]").

(Doc. 23 at 41) (emphasis added).

Thus, the R&R directly addressed Petitioner's theory from his Reply that the state court had some duty to apply *Daubert* and cited numerous cases that rejected this theory. Petitioner's refusal to acknowledge this law highlights why objections must be specific. Based on Petitioner's failure to address the R&R's conclusions, the Court assumes Petitioner has no argument as to why this law is wrong or not controlling in this case rendering his objections not just meritless, but arguably in bad faith.

Based on the foregoing, the Court hereby accepts the R&R as to Ground 5(c) and denies relief on this Ground.

### iv.    5(d)

In Ground 5(d) Petitioner argues that his counsel was ineffective for failing to call a cognitive bias expert at trial. The R&R discusses this claim at pages 42-46. The R&R concludes that the state courts' rejection of Petitioner's ineffective assistance of counsel claim in Ground 5(d) was not contrary to or an unreasonable application of *Strickland* nor was it based on an unreasonable determination of the facts. (Doc. 23 at 46). Specifically, the R&R found that the state court's decision–that it was not the standard of practice at the time of Petitioner's trial to call a cognitive bias expert–was not an unreasonable determination of the facts. (Doc. 23 at 45-46).

Petitioner objects and incorporates his arguments from his Petition and his Reply spanning 16 pages. (Doc. 26 at 13). Petitioner incorporates these documents arguing that the R&R lacks a substantive basis for its conclusions. (*Id.*).

However, Petitioner's characterization of the R&R is contradicted by the R&R itself. The R&R expressly finds that calling a cognitive bias expert was not the standard of practice at the time of Petitioner's trial. (Doc. 23 at 45-46). The R&R also expressly

gives deference to trial counsel's reasonable strategic decision. (*Id.*) Thus, there was no deficient performance of trial counsel under *Strickland*. Basically, these findings would mean that even if the claim were reviewed de novo, Petitioner would not be entitled to relief. But the R&R goes the next step and concludes that the state court reaching the same conclusions was not an unreasonable application of the law or determination of the facts. (Doc. 23 at 46). Petitioner does not object to these express findings other than to make the conclusory statement that "trial counsel lacked any strategic reason for [*sic* not] offering expert evidence". (Doc. 26 at 13). Petitioner's statement is an untrue representation of the record. The R&R devoted three full paragraphs, including an extensive quote, recounting trial counsel's testimony regarding his reasoning for why he did not believe a cognitive bias expert was necessary. (Doc. 23 at 43-44). This Court agrees with the R&R that trial counsel made a reasonable strategic decision, and that the state court did not unreasonably determine the facts. Petitioner's objection is unsupported by the record and overruled.

Accordingly, the Court hereby accepts the R&R as to Ground 5(d) and denies relief on this Ground.

### v.    5(e)

The R&R characterizes Ground 5(e) as Petitioner's claim that his trial counsel was ineffective for "failing to move to preclude testimony from the State's forensic analyst, Jonathyn Priest, and for failing to present evidence that undermined Mr. Priest's testimony." (Doc. 23 at 43). In his objections, Petitioner seemingly recasts this claim as arguing that trial counsel was ineffective for failing to move to exclude or otherwise counter the expert's conclusion that the murder weapon was a left- handed golf club. (Doc. 26 at 13). Petitioner's objection seeks to have this Court reject the R&R for not considering this claim only as to this specific conclusion–not as to Mr. Priest in general. (*Id.*).

The R&R discusses this Ground at pages 46-53. In recounting the testimony before the state court at the post-conviction relief hearing on ineffective assistance of counsel, the R&R references several discussions of the left-handed issue. (Doc. 23 at 48, 50). Further, the R&R recounts the evidence that shows that trial counsel did challenge Mr. Priest in

general, and this specific opinion about a left-handed golf club. (Doc. 23 at 49-52). This challenge included trial counsel calling a contradictory defense expert, Mr. Inman, and two other contradictory witnesses, Dr. Haddix (an expert), and Mr. Carmody (a private investigator). (*Id.*). All of these witnesses specifically testified for the defense about the golf club being identified as the murder weapon. (*Id.*). Thus, the Court finds Petitioner's objection–that the R&R did not address his specific claim–is belied by the record; accordingly, the objection is overruled.

Petitioner next objects and argues that the R&R cannot credit or give deference to the state court's factual findings if the state court did not hold an evidentiary hearing. (Doc. 26 at 13). The record is clear, however, that the post-conviction relief court took evidence in support of Petitioner's post-conviction relief petition. This evidence included the deposition of trial counsel and the declaration of another defense expert, Mr. Tressel, who further contradicted Mr. Priest's opinions. The post-conviction relief court expressly noted in its ruling that it considered this evidence. (Doc. 23 at 49). Petitioner cites no law, and the Court is aware of none, that requires the state court to take new evidence post-trial for its opinions to be entitled to AEDPA deference. And even if such law existed, Petitioner cites nothing for the proposition that a court considering a post-conviction relief petition cannot consider the defendant's expert testimony via an affidavit, rather than an evidentiary hearing which would subject the defense expert to cross-examination. Thus, Petitioner's objection that the state court's decision is not entitled to AEDPA deference because there was no evidentiary hearing on all of the submitted evidence is overruled.

As a result, the Court overrules the objections and finds that the state court's decision was not an unreasonable determination of the facts as Petitioner argues (nor was it an unreasonable application of clearly established federal law). Accordingly, the Court accepts the R&R as to Ground 5(e) and denies relief on this ground.

### vi.    5(f)

In Ground 5(f), Petitioner argues that his trial counsel was ineffective because trial counsel argued that a third-party (James Knapp) could have committed the burglary and

the murder.  The R&R discusses this claim at pages 54-62.  The R&R concluded that the state court's decision that trial counsel was not ineffective for this strategic decision was not contrary to or an unreasonable application of clearly established federal law nor was it an unreasonable determination of the facts.  (Doc. 23 at 61).

In their response to the objections, Respondents argue that Petitioner's objection on Ground 5(f) is not specific to the R&R and therefore fails to trigger de novo review.  (Doc. 30 at 5).  The totality of Petitioner's objection is:

> …the R&R fails to appreciate both how implausible the "Knapp did it" defense was and how damaging its presentation was to a "reasonable doubt" defense. Knapp had an alibi both via witnesses—his son and ex-wife—and via cellphone data. Yet the defense presented a situation where the jury was forced to choose between Knapp and Mr. DeMocker as the perpetrator. Faced with that choice, presented by Mr. DeMocker's counsel, they made the predictable choice. The R&R's failure to account for this is a sound basis for this Court to reject it.

(Doc. 26 at 14).

Respondents are correct that the R&R spent almost nine pages painstakingly detailing the state court's rulings regarding why trial counsel made a reasonable strategic decision in arguing that Mr. Knapp was the true culprit.  (Doc. 23 at 54-62).  Petitioner ignores both the state court's findings, AEDPA's deference, and the R&R's independent analysis of trial counsel's strategy (Doc. 23 at 60-61).  Instead, Petitioner's objection seeks to have this Court reweigh, with the benefit of hindsight, trial counsel's decisions and reach a different conclusion under *Strickland* than the state courts.  Not only does AEDPA forbid this, but even if this Court could consider the claim without deference to the state court's decision, having considered all of the evidence, this Court also finds that trial counsel made a reasonable strategic decision to argue that Mr. Knapp was the true culprit.  Therefore, the objection is overruled.  Relief on Ground 5(f) is denied.

### F.     Ground 6

In Ground 6, Petitioner argues that there was a constitutional error because the prosecuting agency accessed sealed records related to Petitioner's trial strategy.  (Doc. 23 at 62-67).  The R&R concludes that there is no clearly established federal law on this issue, therefore, the state court's decision could not be contrary to or an unreasonable application

of such law.  (*Id*.).  Further, the R&R concludes that the state court, following an eleven-day evidentiary hearing, did not unreasonably determine the facts in its 57-page order, or in its over 200 factual findings on this issue.  (Doc. 23 at 63, 67).

Petitioner objects and argues that *Ake v. Oklahoma*, 470 U.S. 68 (1985) is clearly established federal law.  In short summary, *Ake* holds that when a defendant makes a showing that his sanity will be a significant issue in the case, the state has to provide funds for the defendant to hire a psychiatrist.  The R&R concludes that *Ake* has no applicability to this case.  (Doc. 23 at 65).

Petitioner objects and argues that *Ake* is applicable in that it stands for the general proposition that indigent defendants have the right to "the basic tools of an adequate defense" (which the Court assumes is another way of saying "funding for defense experts and investigators").  (Doc. 26 at 15).  However, in his objection on this Ground, Petitioner makes no argument that he was denied funding for some aspect of his defense.  Instead, Petitioner argues that "…but-for Mr. DeMocker's indigence, the State never would have been able to access his plans for investigation and expert testimony."  (Doc. 26 at 15). Connecting some dots, the Court surmises Petitioner is arguing that his funding requests were in the record and under seal, and said requests were in the record only because he is indigent and had to seek funding from the state, and the prosecutor accessed those records wrongfully.  While *Ake* may have given Petitioner the ability to seek funding, the Court agrees with the R&R that *Ake* does not create any clearly established law governing the circumstances about which Petitioner now complains.  Therefore, Petitioner's objection is overruled.

Thus, the Court accepts the R&R as to Ground 6 that the state court's decision was not contrary to or an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts.  Relief on Ground 6 is denied.

**G.    Ground 7**

Ground 7 is another theory of ineffective assistance of counsel (specifically, the failure of second trial counsel to request a *Willits* instruction).  The R&R concluded that

this theory of ineffective assistance of counsel was not exhausted in state court. (Doc. 23 at 69). The R&R concluded that Petitioner cannot overcome his procedural default of this Ground; and accordingly recommends that this Ground be dismissed. (Doc. 23 at 76). Specifically, the R&R concludes that *Martinez* does not provide cause for Petitioner to overcome his default of this claim. (Doc. 23 at 69-76; *Martinez v. Ryan*, 566 U.S. 1 (2012)).

Petitioner objects and first disagrees with the R&R's definition of the word "substantial" as it relates to the *Martinez* analysis. (Doc. 26 at 16). The R&R states: "A claim is 'insubstantial' if it does not have any merit or is wholly without factual support. *Martinez*, 566 U.S. at 16. Determining whether an ineffective assistance of counsel claim is "substantial" requires a district court to examine the claim under the standards of *Strickland*." (Doc. 23 at 70). In his objections, Petitioner cites a Nevada district court which stated that *Martinez*, "is specifically tailored to weed out implausible and frivolous claims." (Doc. 26 at 16). The Nevada district court is correct that *Martinez* accomplishes such a gatekeeping function. However, the Nevada court's statement is not the test for a "substantial" claim. The R&R correctly cited the United States Supreme Court's articulation of the standard, and further explained the Ninth Circuit Court of Appeals' refinement of the standard as follows:

> The Ninth Circuit has explained that the "first requirement, that the prisoner show a 'substantial' underlying trial-counsel IAC claim, may be seen as the *Martinez* equivalent of the 'prejudice' requirement under the ordinary 'cause' and 'prejudice' rule from *Wainwright*." *Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013), *overruled on other grounds by Shinn v. Ramirez*, 142 S. Ct. 1718, 212 L.Ed.2d 713 (2022). "The second requirement, that there have been 'no counsel' or only 'ineffective' counsel, may be seen as the *Martinez* equivalent of the 'cause' requirement of the rule from *Wainwright*." *Id*.

(Doc. 23 at 70).

Thus, the R&R correctly recounted the meaning of "substantial" as used in *Martinez*. Petitioner's objection that his claim need only not be frivolous or implausible to be substantial is overruled.[3]

---

[3] *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (holding that the absence of frivolity is not enough to show that a certificate of appealability should be issued). Notably,

Petitioner's second objection is that in his first trial, before the mistrial, trial counsel had requested, and the trial judge had agreed to give, a *Willits* instruction; thus, Petitioner argues it must have been ineffective for his second trial counsel to not make the same request. (Doc. 26 at 16). The R&R discusses when an Arizona court should give a *Willits* instruction under Arizona state law at pages 70–72. [4]

Petitioner raised the state trial court's failure to sua sponte give a *Willits* instruction on direct appeal. (Doc. 23 at 71). The Arizona Court of Appeals concluded that a *Willits* instruction was not warranted in Petitioner's case. (Doc. 23 at 71-72). In Petitioner's post-conviction relief ("PCR") petition in state court, PCR counsel did not raise a claim that trial counsel was ineffective for failure to seek a *Willits* instruction. (Doc. 23 at 72-74). The R&R concludes that, in light of the fact that the Arizona Court of Appeals on direct appeal expressly held that Petitioner was not entitled to a *Willits* instruction at trial, it was not ineffective for PCR counsel to not raise a claim of ineffective assistance of trial counsel for trial counsel's failure to ask for a *Willits* instruction. (Doc. 23 at 75-76). Thus, the R&R concludes that there was no deficient performance of PCR counsel that could overcome the failure to exhaust this theory of ineffective assistance of trial counsel under *Martinez*.

Petitioner's objection asserts that the R&R ignores that the first trial court had agreed to give a *Willits* instruction; thus, it must be ineffective for second trial counsel to not ask for such an instruction. (Doc. 26 at 16). However, it is Petitioner's objection, not the R&R, that ignores the record. First, the first trial court preliminarily concluded that it would give a *Willits* instruction but expressly stated that the court could reconsider this conclusion at the time of settling the jury instructions based on the evidence. (Doc. 23 at 71). Thus, the first trial court did not reach a final conclusion regarding the *Willits*

---

*Martinez* instructed that district courts should apply the same standard for determining whether a claim is "substantial" that they apply to certificate of appealability determinations. *Martinez*, 566 U.S. at 14 (applying *Miller-El*).

[4]    As discussed more extensively in the R&R, a *Willits* instruction is given as a matter of state law in limited circumstances when the state loses or destroys evidence that was potentially helpful to the defendant. (Doc. 23 at 70-72).

instruction, only a preliminary one.  Second, and more importantly, based on the actual, full trial record, the Arizona Court of Appeals determined that Petitioner was not entitled to a *Willits* instruction.  (Doc. 23 at 75).  Petitioner makes no mention of this fact, nor offers any argument to overcome that the merits of this issue was decided by the Arizona Court of Appeals.  (*See generally* Doc. 26).  This Court agrees with the R&R that neither second trial counsel nor PCR counsel can be ineffective for failing to raise a claim the premise of which has been rejected by the Arizona Court of Appeals.  Accordingly, Petitioner's second objection regarding Ground 7 is overruled.

Petitioner's third objection argues that the burden to show that a claim is defaulted is an affirmative defense that Respondents must establish; and that Respondents have waived some component of this defense.  (Doc. 26 at 17).  However, Petitioner has conceded that he did not exhaust this theory of ineffective assistance of counsel.  (Doc. 1 at 88).  This Court cannot grant relief on an admittedly unexhausted claim unless Petitioner establishes cause and prejudice or a fundamental miscarriage of justice to overcome his default. *Noltie v. Peterson*, 9 F.3d 802, 804-05 (9th Cir. 1993).  The Court will not deem any portion of Petitioner's burden established by Respondents' alleged "waiver."  This objection is overruled.

Petitioner's only argument to overcome his procedural default of the ineffective assistance of counsel claim in Ground 7 is *Martinez.*  For the reasons stated, this Court agrees with the R&R that Petitioner has not shown that this Ground is substantial as required by *Martinez.*  Accordingly, Ground 7 is procedurally defaulted, without excuse, and no relief is available on this Ground.

### H.    Ground 8

Ground 8 involves Petitioner's allegation of juror misconduct, which in short summary stems from a juror allegedly "interject[ing] her personal detailed knowledge of the terrain surrounding the crime scene into deliberations."  (Doc. 23 at 76).  The parties agree that this claim was not presented in any of the state court proceedings and is now procedurally defaulted.  (*Id.*).  The R&R concludes that Petitioner did not show cause or

prejudice to overcome this default (*id*. at 77-79); and that Petitioner did not argue fundamental miscarriage of justice (*id*. at n.14).

Petitioner raises two objections to this conclusion.  (Doc. 26 at 17-20).  First, Petitioner argues that a denial of funding for an investigator can be cause to overcome procedural default. (Doc. 26 at 18).  Petitioner then argues that the R&R does not recognize that he was not given his "full" funding request.  (*Id*.).

First, even assuming the state not giving funding to investigate hypothetical juror misconduct could be constitutional error, that did not happen in Petitioner's case.  Petitioner asked the state for funding to interview the jurors for more than 9 hours each about "potential" misconduct.  (Doc. 23 at 77).  The state authorized funding to interview each juror for 3 hours (for a total of 36 hours).  (*Id*.)  Thus, the record is clear that the state court authorized funding to interview each juror.

As indicated above, Petitioner further objects that the failure to give the nine-plus hours of funding per juror is cause to overcome his failure to develop/exhaust this claim in state court.  The record shows the investigator did not abide by the trial court's time parameters and spent the entire 36 hours interviewing only 5 of the 12 jurors.  (Doc. 23 at 77).  The investigator suggested more funding could be sought, but the record does not reflect that such a request was ever made.  (*Id*.).  Petitioner argues that the failure to request more funding should not be considered because the original request was denied.  However, two of the jurors who Petitioner now claims could show the "misconduct" were among the 5 interviewed by the investigator.  Thus, with this information, it is possible the state would have funded a further investigation.

Petitioner seeks to use the lack of full funding as "cause" – i.e., something outside his control that prevented him from exhausting.[5]  However, asking for more funding was

---

[5] To establish cause, the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Stated another way, "'[c]ause' may be shown through establishing a legitimate excuse outside of the petitioner's control. *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011)." *Vitasek v. Shinn*, No. CV-21-00436-PHX-MTL, 2023 WL 2495359, at *2 (D. Ariz. Mar. 14, 2023).

within Petitioner's control.  Further, directing his investigator to allocate the originally funded time prudently to permit time to talk to each juror was also within Petitioner's control.  As a result, Petitioner's claim that the investigator could not develop this claim in state court is belied by the record.  Thus, the Court finds Petitioner has failed to show cause to overcome his failure to exhaust his "juror misconduct" claim in state court.

Second, Petitioner objects and argues:

> Mr. DeMocker further objects to the concurrent finding that PCR counsel's failure to raise the claim in state proceedings could alternatively excuse the default because it is not a claim of ineffective assistance of trial counsel. The *Martinez* exception applied to IAC-trial claims because, as the Magistrate [Judge] points out, "the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal." Doc. 23 at 78 (*quoting Davila v. Davis*, 582 U.S. 521, 524–25 (2017)). The Magistrate [Judge] did not suggest this claim, which by its nature relies on extra-record evidence, could have been brought on appeal.

(Doc. 26 at 19-20) (this quote is the totality of the second objection).

This second objection is unclear, but the Court believes Petitioner is arguing that the claim could not have been brought on direct appeal because it requires extra-record evidence; therefore, the failure to raise it could be ineffective assistance of PCR counsel. However, *Martinez* allows the ineffective assistance of PCR counsel as cause to excuse only the default of an ineffective assistance of trial counsel claim.  *Davila v. Davis*, 582 U.S. 521, 524–25 (2017).  Therefore, even if PCR counsel was ineffective for not raising this claim, *Martinez* cannot provide cause to overcome this failure to exhaust because this is not a claim trial counsel would raise.

Being generous, perhaps Petitioner is arguing for an expansion of *Martinez* to any claim that would be brought for the first time in a post-conviction-relief petition; in other words, perhaps Petitioner is arguing that *Martinez* should not be limited to only ineffective assistance of trial counsel claims.  This argument is foreclosed by United States Supreme Court precedent in *Davila*.  For all of the foregoing reasons, the second objection is overruled.

Thus, the Court finds that Ground 8 is procedurally defaulted without excuse, and no relief can be granted on this Ground.  The Court denied relief on this Ground having

considered the 3 affidavits Petitioner submitted.  Thus, the Court has determined that these affidavits do not change the result on this Ground.  However, Respondents' objection that these affidavits are not in the state court record and cannot be considered by the Court (Doc. 18 at 106 n.39) is likely well taken.

## V.    Other Objections

### A.    Evidentiary Hearing

The R&R discusses the legal standard for when a district court should hold an evidentiary hearing in the habeas context at pages 79-81.  The R&R recommends that this Court deny Petitioner's request for an evidentiary hearing. (Doc. 23 at 79-81).  Petitioner objects to the R&R not considering his request on a Ground by Ground basis.

With respect to Grounds 1–6 (including all subparts), the record was thoroughly developed in state court, including taking trial counsel's testimony by deposition.  No evidentiary development in federal court will overcome this Court's conclusions that the state courts' decisions were not contrary to or an unreasonable application of clearly established federal law, nor an unreasonable determination of the facts.

With respect to Ground 7 (the failure of trial counsel to request a *Willits* instruction), the Court found this claim procedurally defaulted without excuse.  Thus, no evidentiary development would change this outcome.  Moreover, even if this Court were to reach the merits of this claim, the failure to request a *Willits* instruction is a matter of state law that is not cognizable on habeas. *Hadnot v. Ryan*, No. CV-15-8160-PCT-PGR (BSB), 2016 WL 1658842, at *5 (D. Ariz. Feb. 23, 2016), *report and recommendation adopted,* No. CV-15-08160-PCT-PGR, 2016 WL 1644056 (D. Ariz. Apr. 26, 2016).  Trial counsel potentially committing an error of state law does not automatically equate to deficient performance under *Strickland.  See generally, Gilmore v. Taylor,* 508 U.S. 333, 342 (1993) ("[W]e have never said that the possibility of a jury misapplying state law gives rise to federal constitutional error.").  But more importantly, as discussed above, the Arizona Court of Appeals concluded that Petitioner was not entitled to a *Willits* instruction, and no evidentiary development would suggest his counsel was ineffective in failing to request

such an instruction given the Court of Appeals holding as a matter of state law.

With respect to Ground 8, for the reasons discussed above, no evidentiary development would provide cause to overcome Petitioner's failure to develop this claim in state court. The facts surrounding the funding request, which was reduced, are undisputed. Thus, there is no need for an evidentiary hearing on this claim.

Accordingly, the Court denies the request for an evidentiary hearing. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010); 28 U.S.C. § 2254(e)(2); *Shinn v. Ramirez*, 596 U.S. 366, 381-82 (2022).

### B.    Certificate of Appealability

The R&R recommends that a certificate of appealability ("COA") be denied. (Doc. 23 at 81). Petitioner objects to this recommendation. (Doc. 26 at 4-9).

A judge may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (internal quotations omitted).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. The Court may address either element of the two-pronged COA test to determine the appealability of a district court's procedural ruling in any order if disposing of one element resolves the issue. *See id.* at 485 ("[e]ach component of the § 2253(c)

- 22 -

showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments").

With respect to Grounds 1–6, including all subparts, this Court's conclusions that the state courts' decisions were not contrary to or an unreasonable application of clearly established federal law, nor an unreasonable determination of the facts is not debatable. The Court's basis for this conclusion is the extensive discussion of each Ground above. Therefore, a certificate of appealability is denied as to these Grounds.

With respect to Ground 7, given the Arizona Court of Appeals holding that Petitioner was not entitled to a *Willits* instruction, it is not debatable that Petitioner does not state a valid claim of the denial of a constitutional right in arguing that his lawyer was ineffective for failing to request something to which he was not entitled.

With respect to Ground 8, this Court's procedural ruling (that Petitioner cannot show cause to overcome his default of this Ground) is not debatable. Petitioner received initial funding, and failed to pursue further funding. This Court concludes that jurists of reason would not find it debatable that Petitioner's claim of a lack of "full" funding is not cause to overcome his default of this Ground. Nor is Petitioner's argument for the expansion of *Martinez* legally debatable under United States Supreme Court precedent.

Thus, a certificate of appealability will be denied with respect to all of Petitioner's Grounds.

### VI.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that Petitioner's objections are overruled (Doc. 26); the Report and Recommendation (Doc. 23) is accepted and adopted.

**IT IS FURTHER ORDERED** that Grounds One, Two, Three, Four, Five, and Six of the Petition are denied with prejudice; Grounds Seven and Eight of the Petition are dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly.

**IT IS FINALLY ORDERED** that, if Petitioner files an appeal, a Certificate of Appealability is denied.

Dated this 19th day of July, 2024.

James A. Teilborg
Senior United States District Judge